IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNETH RAYMOND KOENIG, § | |
| *et al.*,    Plaintiffs, § | |
| § | |
| § | CIVIL ACTION NO. 4:13-cv-00359 |
| VS. § | |
| § | |
| AETNA LIFE INSURANCE § | |
| COMPANY, *et al.*,    Defendants, § | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO AETNA'S MOTION FOR
LEAVE TO FILE ITS ANNOTATED SUPPLEMENTAL COUNTERCLAIM**

**TO THE HONORABLE JUDGES OF SAID COURT:**

**COME NOW**, Plaintiffs North Cypress Medical Center Operating Company, Ltd., *et. al.* (collectively "Plaintiffs" or "North Cypress") and show the following:

### RULE 15(d), FED. R. CIV. P.

1.  Aetna claims that it is simply filing an "Annotated Supplemental Counterclaim" pursuant to Rule 15(d), FED. R. CIV. P. (Dkt. 230). This is not accurate as Aetna is adding new, alleged statutory violations as demonstrated below. Rule 15(d) "permits a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented." Leave to amend under Rule 15(d) is only to be granted absent "undue delay, bad faith, or dilatory motive on movant's part." *Matter of Southmark Corp.*, 88 F.3d 311 (5th Cir. 1996); *Bennett v. New York City Housing Authority*, 248 F. Supp. 2d 166 (E.D.N.Y. 2002). Granting leave is within the discretion of the Court. *Doe Drexel. Doe v. School Dist. of City of Norfolk,* 348 F.3d 605 (8th Cir. 2003).

1

## TIMING OF DEFENDANTS' MOTION

2. Discovery ends in this case on August 14, 2015. (Dkt. 166). Pursuant to the Agreed Amended Scheduling Order, dispositive motions by each party were due on May 19, 2015. (*Id.*) Both North Cypress and Aetna filed their primary dispositive motions on May 19, 2015, (Dkts. 194, 191); both parties filed their Responses on June 23, 2015 (Dkts. 208, 205); and, both parties filed their Replies by July 7, 2015 (Dkts. 218, 215).

## AETNA'S ATTEMPT TO BELATEDLY CURE PLEADINGS DEFECTS AND ADD CLAIMS

3. In Plaintiff's Original Counterclaim (Dkt. 14), Aetna alleged "violations of Texas statutory law" with regard to only three statutes:

   a. **§ 101.203,** TEX. OCC. CODE which states that a healthcare professional may not violate § 311.002, TEX. HEALTH & SAFETY Code with regard to improper and unnecessary billing;

   b. **§ 105.002**, TEX. OCC. CODE which pertains to unprofessional conduct; and,

   c. **§ 552.003**, TEX. INS. CODE which prohibits a provider from maintaining two different ChargeMasters, one for insured patients and one for uninsured patients. (*Id.*, pp. 11-13).

4. For the first time in its Motion for Partial Summary Judgment filed on May 19, 2015 (Dkt. 189), Aetna alleged violations of 10 statutes which were *never* included or referred to in its Original Counterclaim (Dkt. 14): (a) **§ 102.001(a)**, TEX. OCC. CODE pertaining to improper remuneration; (b) **§ 1204.055(b)**, TEX. INS. CODE pertaining to the waiver of deductibles or co-payments by acceptance of an assignment when the provider has a "contractually responsibility" to collect same; (c) **§ 324.101(a)**, TEX. HEALTH & SAFETY CODE pertaining to written payment policies; (d) **§ 324.101(g)**, TEX. HEALTH & SAFETY CODE pertaining to hospitals' licensing and

2

agencies; (e) **§ 101.201(b)(6) & (7)**, TEX. OCC. CODE pertaining to misleading advertising; (f) **§§ 102.001(b) & (c)**, TEX. OCC. CODE pertaining to penal penalties for improper remuneration; (g) **§§ 32.43(b), (c) & (d)**, TEX. PENAL CODE pertaining to "dishonorable conduct;" (h) **§ 164.053(a)(1)**, TEX. OCC. CODE pertaining to physician conduct; (i) **§§ 102.009-011**, TEX. OCC. CODE pertaining to civil penalties; and, (j) **§ 102.003**, TEX. OCC. CODE pertaining to business arrangements permitted by 42 U.S.C. § 1320a-7b(b). (Dkt. 191, pp. 6-9). In its Response to those statutory violations raised for the first time in Aetna's dispositive Motion (Dkt. 208, pp. 12-14), North Cypress noted Cigna's addition of 10 more statutes in its dispositive motion and demonstrated that these statutes are either not applicable because they do not provide for private causes of action, are penal in nature and that they are pre-empted by ERISA. (*Id.*) Now, without advising the Court, in the proposed "Supplemental Annotated Counterclaim," Aetna has dropped both (a) the 3 statutes alleged in its Original Counterclaim (Dkt. 14) and (b) 6 out of the 10 statutes raised in its Motion for Summary Judgment (Dkt. 191), and has added to its proposed "Annotated Supplemental Counterclaim" 3 statutes and statutory violations on North Cypress' part. Now, § 102.006, TEX. OCC. CODE is raised for the first time at the end of discovery in Dkt. 230-1. This is the real reason for Aetna's Motion, to amend for the purpose of belatedly supporting some of its dispositive motion arguments, not to supplement.

5. Moreover, in its Original Counterclaim, Aetna specifically alleged that its claims arose during the four-year period from January 1, 2009 through December 31, 2013 (Dkt. 14, p. 2) which was the basis of this Court's discovery Order dated August 26, 2013, (Dkt. 54 – "*the relevant time period of [Aetna's] Counterclaim*") but has now dropped that period of time from its "Annotated Supplemental Counterclaim" (Dkt. 230-1).

3

6. Aetna has waited until discovery is basically over in this case to raise these alleged statutory violations for the first time in its dispositive Motion and raise four of them in its proposed Supplemental Annotated Counterclaim, one of which is a new, alleged violation of a statutory scheme. If Aetna did not do this as a calculated effort to harm North Cypress, the result is the same nonetheless. As noted above, this Court can consider such factors "as undue delay, bad faith, or dilatory motive on the part of the movant" in determining Aetna's Motion for Leave. *Matter of South Mark Corp.*, 88 F.3d 311 (5th Cir. 1996). It is impossible for North Cypress to conduct discovery on these new claims of statutory violations thereby prejudicing the Plaintiffs.

7. As such, Aetna's proposed pleading is not a "supplemental" Counterclaim pursuant to 15(d) but is an attempt to amend and add new statutory violation allegations and should not be permitted.

## AETNA'S ALLEGED DISCOVERY

8. In support of its Motion for Leave, Aetna claims that it "has established (through the course of discovery) additional facts regarding North Cypress' improper practices and billing schemes" (Dkt. 230, p. 1) and attaches to the Motion documents produced by Surgical Development Partners, a third party who was the former Manager at North Cypress back in 2006 through 2008. Those documents are almost all from early to mid-2007. (Aetna's Exhibits Nos. 1-15, Dkt. 230-1). First, these documents were produced by SDP on *April 24, 2014*. (Exhibit "A"). Aetna has had these documents for one year and 4 months and now states that it must use them to supplement its Counterclaim less than two (2) weeks before the discovery deadline. Second, all of these documents are clearly outside of the 4-year period placed at issue by Aetna which is January 1, 2009 through December 31, 2013, and for which more than two years of

4

discovery in this case has covered pursuant to this Court's August 26, 2013, discovery Order. (Dkt. 54). As this Court will recall, Aetna specifically represented in its pleadings that its causes of action arise from facts and claims which occurred from January, 2009 through December 31, 2013. (*Id.*; Dkt. 14). These allegations which Aetna could have utilized one year and 4 months ago and which are clearly outside of any relevant period of time are now belatedly being added to Aetna's Counterclaim in an effort to prejudice North Cypress.

### AETNA'S FORMAL CLAIMS FOR RELIEF

9. In both its Original Counterclaim (Dkt. 14) and its proposed "Annotated Supplemental Counterclaim" (Dkt. 230-1), Aetna maintains the identical, formal causes of action for fraud, negligent misrepresentation, money had and received, unjust enrichment/*quantum meruit*, injunctive relief and declaratory relief and ERISA § 502(a)(3) which are the subject of the numerous dispositive motions currently under submission to the Court. For example, North Cypress has presented persuasive case authorities and law that all of these causes are action except the ERISA § 502(a)(3) claims are pre-empted by ERISA and that any causes of action surviving thereunder based upon Texas statutory schemes are baseless because those statutes either do not provide for a private cause of action, are penal in nature or pertain solely to regulatory bodies and their authority over the licenses of entities. As such, there is no reason to grant leave at this late date simply because Aetna wants to file what it believes are inflammatory documents generated 8 years ago which are outside of the 4-year period put at issue by Aetna in its Counterclaim. (Dkt. 14).

### CONFERENCE WITH OPPOSING COUNSEL

10. The "conference" referred to by Aetna's counsel on page 4 of Dkt. 230 consisted of an e-mail on July 20, 2015, by Mr. Shely to Mr. Sutter stating the following:

> *"We are going to file a Motion for Leave to File an Annotated Supplemental Counterclaim…I will reflect that you are opposed unless I hear differently from you although I do not believe there is a reasonable basis to oppose."*

11.     To which, undersigned counsel responded: *"I have to see what you intend to file in Aetna before I can oppose or not oppose."* (Exhibit "B").  These two e-mail communications were on July 30, 2015, and on the next day, Aetna filed its Motion for Leave without ever providing a copy of same to undersigned counsel to review in order to determine if he opposed or did not oppose same.

## CONCLUSION

12.     Based upon the foregoing, Aetna's belated request for leave to file an Annotated Supplemental Counterclaim less than two weeks before the discovery cut-off date has been shown to prejudice North Cypress and in the alternative, to be unnecessary and should therefore be denied.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs pray for the relief requested hereinabove and for such other and further relief, both general and special, legal and equitable, to which they may show themselves justly entitled.

                    Respectfully submitted,

            By:    /s/ J. Douglas Sutter
                    J. DOUGLAS SUTTER
                    State bar No. 19525500
                    Federal ID No. 3791

                    **ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL:**
KELLY, SUTTER & KENDRICK, P.C.
3050 Post Oak Blvd., Suite 200
Houston, TX 77056
(713) 595-6000 – Telephone
(713) 595-6001 – Facsimile

## CERTIFICATE OF SERVICE

I certify that on this the 12th day of August, 2015, a true and correct copy of the foregoing Plaintiffs' Response in Opposition to Aetna's Motion for Leave to File its Annotated Supplemental Counterclaim was served on all counsel of record via ECF and email.

>   */s/ J. Douglas Sutter*
>   J. DOUGLAS SUTTER