**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KENNETH RAYMOND KOENIG,** | § | |
| **RICHARD POWELL, CHRISTOPHER** | § | |
| **ERNEST REED, ANDREW D. NOVAK,** | § | |
| **MELINDA KAY FARNED,** | § | |
| **VICTORIA CANALES DIZON,** | § | |
| **NORTH CYPRESS MEDICAL CENTER** | § | |
| **OPERATING COMPANY, LTD. and** | § | |
| **NORTH CYPRESS MEDICAL CENTER** | § | |
| **OPERATING COMPANY GP, LLC** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:13-cv-00359** |
| | § | |
| **AETNA LIFE INSURANCE COMPANY** | § | |

**AETNA'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR**
**LEAVE TO FILE ITS ANNOTATED SUPPLEMENTAL COUNTERCLAIM**

Defendant Aetna Life Insurance Company ("Aetna") files this Reply Brief in support of its Motion for leave to file its Annotated Supplemental Counterclaim, and would show the Court as follows:

1.        North Cypress's Response accuses Aetna of adding "new *claims* of statutory violations."[1]  But as unequivocally stated in its Motion for Leave to file the Annotated Supplemental Counterclaim (the "Motion") *and* eventually conceded by North Cypress in its Response, Aetna does *not* seek to add any new claims or any new parties.[2]  The Annotated Supplemental Counterclaim simply lays out additional facts that Aetna has obtained in discovery that support its Original Counterclaim, and that will be offered at trial.  That is it.  The statutory violations identified in the Annotated Supplemental Counterclaim merely show why North

---

[1]   *See* Response at ¶¶ 6 (emphasis added).

[2]   *See* Motion at ¶ 3 (stating that **"Aetna's Annotated Supplemental Counterclaim does not add any new parties or any new claims."** (emphasis in original); Response at ¶ 9 ("In both its Original Counterclaim (Dk. 14) and its proposed "Annotated Supplemental Counterclaim" (Dkt. 230-1), Aetna maintains the *identical*, formal causes of action for fraud, negligent misrepresentation, money had and received, unjust enrichment/*quantum meruit*, injunctive relief and declaratory relief and ERISA § 502(a)(3) . . .") (emphasis added).

Cypress's conduct is wrongful and therefore actionable under the common law claims that Aetna previously asserted in its Original Counterclaim. Again, Aetna is **not** seeking any "claims" or relief under these statutes. Thus, Aetna's Annotated Supplemental Counterclaim is entirely appropriate under Fed. R. Civ. P. 15(d).

2. North Cypress also contends that Aetna's Motion is an attempt to "belatedly cure pleading defects."[3] North Cypress is flat wrong. First, there is no pleading deadline in the Court's Scheduling Order.[4] And the fact that Aetna sought leave to file its Annotated Supplemental Counterclaim near the end of the discovery period or after the parties have filed their respective dispositive motions is neither relevant nor prohibited by the Federal Rules, especially given that Aetna is **not** seeking to add any new claims or new parties.

3. More importantly, there are no pleading defects to "cure."[5] Aetna's Original Counterclaim includes the causes of action for which Aetna currently seeks relief. Although Aetna is not obligated to plead North Cypress's various statutory violations under the Insurance Code, Occupations Code, and Health & Safety Code, it wanted to clarify for the Court how the facts developed during discovery establish illegal conduct under Texas law. North Cypress's unwillingness to face the truth that its billing practices and remuneration schemes are criminalized under Texas law is beside the point and has no bearing on whether Aetna should be granted leave to supplement its Original Counterclaim.

---

[3] *See* Response at ¶¶ 3-7.

[4] *See* Docket No. 166.

[5] North Cypress repeatedly alleges that Aetna has "dropped" allegations contained in its Original Counterclaim. *See* Response at ¶¶ 4-5. Not true. The allegations contained in Aetna's Annotated Supplemental Counterclaim are **in addition to** those contained in Aetna's Original Counterclaim. In other words, Aetna's Annotated Supplemental Counterclaim does not supersede Aetna's Original Counterclaim. One can only conclude that North Cypress is confused regarding the difference between an amended pleading and a supplemental pleading.

-2-

4.    Further, granting Aetna's Motion will not prejudice North Cypress whatsoever. There is no secret that the facts and related statutory violations identified in the Annotated Supplemental Counterclaim regarding North Cypress's fraudulent billing practices, improper waiver of patient responsibility, and illegal remuneration scheme (*i.e.*, "kickbacks") are central to Aetna's Original Counterclaim.   These issues have been raised in both written discovery (including Aetna's detailed interrogatory answers) and the depositions of the parties' respective fact witnesses.   In fact, the statutory violations identified in the Annotated Supplemental Counterclaim were also addressed in Aetna's Motion for Partial Summary Judgment Based On North Cypress's Illegal Remuneration Scheme, which was filed on May 19, 2015.[6]   North Cypress's counsel subsequently deposed Edward Neugebauer (Aetna's Head of Litigation) on July 22, 2015 for 7 hours and had every opportunity to question Mr. Neugebauer about North Cypress's statutory violations.   Thus, North Cypress's contention that "[i]t is impossible for North Cypress to conduct discovery on these new claims of statutory violations thereby prejudicing the Plaintiffs" is simply false.

5.    North Cypress's arguments regarding Aetna's annotations of the documents produced by Surgical Development Partners ("SDP") are also baseless.   First, North Cypress seems to argue that Aetna's Motion is untimely because SDP produced its documents in April 2014.   Most (if not all) of the SDP documents referenced and attached to the Annotated Supplemental Counterclaim, however, were drafted or received by Dr. Robert Behar, North Cypress's CEO and Chairman of the Board of Managers who masterminded North Cypress's fraudulent billing practices and illegal remuneration scheme involving patients and those

---

[6]   *See* Docket No. 191 at pp. 6-8.  The only exception is Section 102.006 of the Texas Occupations Code (requiring that physicians disclose to their patients any remuneration-for-referral arrangement), which Aetna included in its Annotated Supplemental Counterclaim because it goes hand-in-hand with Section 102.001 of the Texas Occupations Code, which prohibits remuneration-for-referral arrangements and was discussed in Aetna's Motion for Partial Summary Judgment.  *See id*. at pp. 5 and 7.

physician owners who referred patients to North Cypress.  Aetna was not given the opportunity to depose and cross-examine Dr. Behar with these documents until June 26, 2015.  Less than five weeks later, Aetna filed its Motion for Leave on July 31, 2015.  Thus, North Cypress cannot credibly argue that Aetna's Motion was "belated" or "untimely."

6.     Finally, North Cypress's contention that the SDP documents are "outside of the 4-year period placed at issue by Aetna" has nothing to do with the issue before the Court. Nevertheless, North Cypress previously raised this ***same*** argument when it moved to quash Aetna's subpoena served on SDP, which the Court rejected.[7]  In short, the SDP documents provide substantial evidence of, among other things, North Cypress's fraudulent billing scheme (*e.g.*, "upcoding" of claims and admitting non-emergent patients through the emergency room to obtain higher reimbursement) and illegal remuneration provided to patients and the physicians who refer patients to North Cypress.  The fact that these documents are harmful to North Cypress's case does not amount to "prejudice" for purposes of this Motion.

Based on the foregoing, Aetna respectfully requests that its Motion be granted, that Aetna be given leave to file its Annotated Supplemental Counterclaim, and that the Court grant Aetna such other and further relief to which it may be justly entitled.

---

[7]  *See* Docket No. 78 at ¶¶ 5-8; Docket No. 98 (order denying North Cypress's motion for protective order and to quash SDP subpoena).

HOU:3583594.1

Respectfully submitted

By:    s/ John B. Shely
            JOHN B. SHELY
            State Bar No. 18215300
            jshely@andrewskurth.com
            600 Travis, Suite 4200

OF COUNSEL:
            Houston, Texas 77002
            (713) 220-4200

ANDREWS KURTH LLP
            (713) 220-4285 – Fax
and
JEFFREY D. MIGIT
            ATTORNEY-IN-CHARGE FOR
State Bar No. 00794306
            DEFENDANT AETNA LIFE INSURANCE
jmigit@andrewskurth.com
            COMPANY

## CERTIFICATE OF SERVICE

      This is to certify that on the 13th day of August, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who are known "Filing Users:"

J. Douglas Sutter
Kelly, Sutter & Kendrick
3050 Post Oak Blvd., Suite 200
Houston, Texas 77056-6570

s/ Jeffrey D. Migit
Jeffrey D. Migit

HOU:3583594.1