IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH RAYMOND KOENIG, ET AL. | § | |
| | § | |
| VS. | § | C.A. NO. 4:13-cv-00359 |
| | § | |
| | § | |
| AETNA LIFE INSURANCE COMPANY, | § | |
| ET AL. | | |

### PLAINTIFF'S MOTION *IN LIMINE*

COME NOW, Plaintiffs North Cypress Medical Center Operating Company, Ltd. and North Cypress Medical Center Operating Company GP, LLC (collectively "North Cypress") and move this Court to enter an Order to desist and refrain from mentioning, discussing and/or bringing either in oral testimony, oral argument, any statement or by written instrument either during the voir dire examination of the jury, reading of the pleadings, making of the opening or closing statements, interrogation of any witnesses, making of any objections or arguments to objections, side bar remarks, or any argument to this jury, in any Motions made during the trial of this cause, or at any other time, from informing the jury in any way of the following matters without first taking said matters up with the Court out of the presence of the jury for rulings as to the relevance, materiality or admissibility of the following:

I.

1.     Any mention, comment or inference of the financial status or net worth of the Plaintiffs' partners and/or unit holders, including, but not limited to, remarks or references regarding the disparity in wealth or financial condition between Plaintiffs' principals and others. Such collateral, financial matters are not relevant

**EXHIBIT "G"**

to any material issue in this lawsuit and would be solely for the purpose of prejudice and inflammation of the jury.

2.    Any mention, comment, inference or submission of evidence as to Aetna's attorneys' fees in connection with the prosecution of its Counter-Claim.

3.    Any mention, comment, inference or submission of evidence of any alleged anti-kickback violations, referral violations, violations of Stark I or Stark II, violations of any state statute and/or violations of RICO on the part of North Cypress.

4.    Any mention, comment, inference or submission of evidence as to North Cypress Professional Office Buildings I and/or II and any business, Tenants and/or Leases associated therewith.

5.    Any mention, comment, inference or submission of evidence with regard to any testimony by Dr. Harcharan S. Narang and any claims that he may have against North Cypress.

6.    Any mention, comment, inference or evidence submitted as to the amount of distributions that any of North Cypress' partners have earned or been paid.

7.    Any mention, comment or inference as to what any of the North Cypress' partners/unit holders own, their net worth, where they travel, where they go on vacation or how they live.

8.    Any mention or reference to Aetna's non-ERISA claims and the amount thereof.

9.    Any mention, comment or inference to the jury that constitutes advice, guidance or counseling on the effect of the jury's answers to the questions posed in the jury charge, regardless of whether such advices is direct or indirect comment, reference, suggestion or argument.

10.     Any mention of the amount of Aetna's costs and attorneys' fees in defending North Cypress' claims and in prosecuting its Counter-claims.

11.     From inquiring or referencing when, how, or why Plaintiffs employed their attorneys or the attorneys they have retained in the past.

12.     That this case has been mediated, or referred to mediation, or considered for referral to mediation, including any comments that a majority of cases are properly resolved in mediation.

13.     Stating, inferring and/or interjecting in any manner into this case that Plaintiffs have interposed a claim of privilege at any time during the present proceeding or upon a prior occasion.

14.     Any claims or lawsuits made by and/or against the Plaintiffs and the number thereof other than this case.

15.     Any settlements in any lawsuit or claim brought by and/or against the Plaintiffs at any time.

16.     The fact that the Plaintiffs have hired attorneys for matters other than this case.

17.     The Plaintiffs' relationships with other people other than the Defendants, plan beneficiaries and witnesses called at this trial.

18.     The Plaintiffs' previous lawsuits and/or present claims by or against third parties.

19.     The Plaintiffs' principals' personal finances, net worth, income and/or earnings.

20.     Any alleged complaints or claims filed against the Plaintiffs and/or their principals.

21.     This lawsuit will financially harm the Defendants, plan sponsors, plan members and/or any other person or entity.

22.     The Plaintiffs' counsel represents them in other cases and/or matters.

23.     Any prior rulings or findings by the Court in this or any other case.

24.     Any comments and/or orders by the Court during any pre-trial hearings or proceedings.

25.     Any opinions/orders of any Court regarding this case and/or the Plaintiffs.

26.     Any settlements made by the Plaintiffs with their current or former partners and the details thereof.

27.     The number or character of any suits filed by or against the Plaintiffs.

28.     Any reference to any alleged, professional expert witnesses hired/employed by the Defendants or their counsel as their testimony and opinions are not permitted and have been excluded.

29.     Any evidence, whether testimonial or documentary, that relates to any correspondence or discussion pertaining to any potential settlement in this case. (Settlement negotiations of any kind are never admissible.)

30.     Any evidence or reference to the failure on the part of Plaintiffs and their attorneys to call a witness.

31.     Any reference or evidence relating to any document requested by Defendants, but not produced by Plaintiffs in this lawsuit.

32.     Any reference or evidence, whether testimonial or documentary, that relates to any business dealings of Plaintiffs that do not relate to the matters at issue in this lawsuit.

33.     Requesting material from Plaintiffs' files or from the files of their attorneys or asking for the production of any documents in open court before the jury.

34.     Any reference to, use of, or display of any inadmissible documents before the jury panel or jury during the course of this trial.

35.     Any reference concerning the personal opinions held by Defendants' counsel or the Defendants' representatives, employees and "experts" regarding this case or any similar case.

36.     Any references or discussions of the standards and/or practices of the "Managed Care Industry."

37.     Any reference to or reading from Plaintiffs' pleadings, except for answers to sworn discovery requests presented by opposing counsel which are first permitted by the Court and which are relevant and admitted into evidence.

38.     Defendants and their counsel be prohibited from mentioning, requesting, or soliciting any agreement, stipulation or understanding from Plaintiffs or their counsel within the hearing or the jury panel or any juror regarding any matter arising either before or during trial of this case.

39.     Any reference that any definitions, instruments or questions submitted to the jury are in any way identifiable with any particular party.

40.     Any reference or mention to any or all objections made by Plaintiffs in their Answers to Defendants' Interrogatories, Requests for Disclosures, Responses to Requests for Production, hearings and depositions, and any other discovery requests as well as any objections made by Plaintiffs in the during the discovery process, as well as referencing any of Plaintiffs' refusal to answer questions to which objections were made.

41.     Any reference to the costs or expenses incurred by Plaintiffs or Defendants in connection with the prosecution or defense of this lawsuit other than any contradictory evidence as to the reasonableness and/or necessariness of admitted attorneys' fees.

42.     This Motion has been filed, that the Court has ruled or may rule on any part of it outside the presence of the jury or suggesting or implying to the jury in any way that Plaintiffs have moved to exclude proof of any particular matter or that the Court has excluded such proof.

43.     Any references to any comments or introduction of evidence that pertain in any manner to any police and/or law enforcement and/or Department of Justice investigation(s) of Plaintiffs at any time.

44.     Any references to any comments or introduction of evidence that pertain to any subpoena issued to Plaintiffs or any of their principals by any law enforcement official and/or governmental entity at any time.

45.     Any references to any comments or introduction of evidence that pertain in any manner to any criminal and/or non-criminal investigation by any law enforcement agency, government agency and/or entity and/or Department of Justice with regard to Plaintiffs and their principals and their actions and/or inactions at any time.

46.     Any references to any potential criminal and/or governmental investigation of the Plaintiffs or their principals at any time.

47.     Any references to Plaintiffs' partners or former partners who sold their units back to the Plaintiff, the reasons therefore and any transactions surrounding same.

II.

Plaintiffs further request that if opposing counsel proposes a theory of admissibility concerning the matters set out in Paragraph I, the Court order that opposing counsel first request a ruling from the Court outside the hearing of the jury.

III.

The matters referred to hereinabove are wholly immaterial, irrelevant and prejudicial and there is no basis in law for the admission of such matters to a jury or for a jury to consider such matters in their deliberations and the introduction or reference to such matters before the jury would be highly prejudicial and cause an unfair result to be reached since they are based upon matters of no relevancy in this cause or to any issues to be decided by said jury.

Plaintiffs would and do hereby further request the Court instruct counsel for Defendants to in turn instruct any and all of their witnesses or representatives not to talk to or with any of the jury panel or jurors selected to try this case, nor to discuss in the jurors' presence the facts of this case or any facts that might pertain to the case concerning liability or damage issues.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court enter an Order with respect to Plaintiffs' Motion *in Limine* and Request for Instruction requiring Defendants, their witnesses, attorneys and representatives to refrain from mentioning or bringing out in any manner any of the foregoing matters at any time during the trial of this cause in the presence of the jury without first taking the matter up with the Court.

Respectfully submitted,


By:   */s/ J. Douglas Sutter*
      J. Douglas Sutter
      Fed. ID No. 3791
      SBN 19525500

      ATTORNEYS FOR PLAINTIFFS
      NORTH CYPRESS MEDICAL CENTER
      OPERATING COMPANY, LTD. AND
      NORTH CYPRESS MEDICAL CENTER
      OPERATING COMPANY GP, LLC

OF COUNSEL:

KELLY, SUTTER & KENDRICK, P.C.
3050 Post Oak Boulevard, Suite 200
Houston, Texas 77056-6570
Tel.: (713) 595-6000
Fax: (713) 595-6001
Email: dsutter@ksklawyers.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served upon counsel-of-record pursuant to the Federal Rules of Civil Procedure, by CM/ECF, on the 24th day of September, 2015:

Mr. John B. Shely
Mr. Jeffrey D. Migit
Andrews Kurth, LLP
600 Travis, Suite 4200
Houston, Texas 77002
Tel.: (713) 220-4200
Fax: 220-4285
Email: jshely@andrewskurth.com
Email: jmigit@andrewskurth.com
*Attorneys for Defendants*

*/s/ J. Douglas Sutter*
J. Douglas Sutter

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KENNETH RAYMOND KOENIG, ET AL.    §
                                  §
VS.                               §        C.A. NO. 4:13-cv-00359
                                  §
                                  §
AETNA LIFE INSURANCE COMPANY,     §
ET AL.

## <u>ORDER ON PLAINTIFFS' MOTION *IN LIMINE*</u>

On this day, the Court considered Plaintiffs' Motion *in Limine* and after considering the same and hearing the argument of counsel, the Court is of the opinion and finds as follows:

1.    Any mention, comment or inference of the financial status or net worth of the Plaintiffs' partners and/or unit holders, including, but not limited to, remarks or references regarding the disparity in wealth or financial condition between Plaintiffs' principals and others. Such collateral, financial matters are not relevant to any material issue in this lawsuit and would be solely for the purpose of prejudice and inflammation of the jury.

_____   GRANTED          _____   DENIED

2.    Any mention, comment, inference or submission of evidence as to Aetna's attorneys' fees in connection with the prosecution of its Counter-Claim.

_____   GRANTED          _____   DENIED

3.    Any mention, comment, inference or submission of evidence of any alleged anti-kickback violations, referral violations, violations of Stark I or Stark II, violations of any state statute and/or violations of RICO on the part of North Cypress.

_____   GRANTED          _____   DENIED

1

4.      Any mention, comment, inference or submission of evidence as to North Cypress Professional Office Buildings I and/or II and any business, Tenants and/or Leases associated therewith.

_____  GRANTED         _____  DENIED

5.      Any mention, comment, inference or submission of evidence with regard to any testimony by Dr. Harcharan S. Narang and any claims that he may have against North Cypress.

_____  GRANTED         _____  DENIED

6.      Any mention, comment, inference or evidence submitted as to the amount of distributions that any of North Cypress' partners have earned or been paid.

_____  GRANTED         _____  DENIED

7.      Any mention, comment or inference as to what any of the North Cypress' partners/unit holders own, their net worth, where they travel, where they go on vacation or how they live.

_____  GRANTED         _____  DENIED

8.      Any mention or reference to Aetna's non-ERISA claims and the amount thereof.

_____  GRANTED         _____  DENIED

9.      Any mention, comment or inference to the jury that constitutes advice, guidance or counseling on the effect of the jury's answers to the questions posed in the jury charge, regardless of whether such advices is direct or indirect comment, reference, suggestion or argument.

_____  GRANTED         _____  DENIED

10.    Any mention of the amount of Aetna's costs and attorneys' fees in defending

North Cypress' claims and in prosecuting its Counter-claims.

_____   GRANTED                    _____   DENIED

11.    From inquiring or referencing when, how, or why Plaintiffs employed their

attorneys or the attorneys they have retained in the past.

_____   GRANTED                    _____   DENIED

12.    That this case has been mediated, or referred to mediation, or considered for

referral to mediation, including any comments that a majority of cases are

properly resolved in mediation.

_____   GRANTED                    _____   DENIED

13.    Stating, inferring and/or interjecting in any manner into this case that Plaintiffs

have interposed a claim of privilege at any time during the present proceeding or

upon a prior occasion.

_____   GRANTED                    _____   DENIED

14.    Any claims or lawsuits made by and/or against the Plaintiffs and the number

thereof other than this case.

_____   GRANTED                    _____   DENIED

15.    Any settlements in any lawsuit or claim brought by and/or against the Plaintiffs at

any time.

_____   GRANTED                    _____   DENIED

16.    The fact that the Plaintiffs have hired attorneys for matters other than this case.

_____   GRANTED                    _____   DENIED

17.     The Plaintiffs' relationships with other people other than the Defendants, plan beneficiaries and witnesses called at this trial.

_____   GRANTED                 _____   DENIED

18.     The Plaintiffs' previous lawsuits and/or present claims by or against third parties.

_____   GRANTED                 _____   DENIED

19.     The Plaintiffs' principals' personal finances, net worth, income and/or earnings.

_____   GRANTED                 _____   DENIED

20.     Any alleged complaints or claims filed against the Plaintiffs and/or their principals.

_____   GRANTED                 _____   DENIED

21.     This lawsuit will financially harm the Defendants, plan sponsors, plan members and/or any other person or entity.

_____   GRANTED                 _____   DENIED

22.     The Plaintiffs' counsel represents them in other cases and/or matters.

_____   GRANTED                 _____   DENIED

23.     Any prior rulings or findings by the Court in this or any other case.

_____   GRANTED                 _____   DENIED

24.     Any comments and/or orders by the Court during any pre-trial hearings or proceedings.

_____   GRANTED                 _____   DENIED

25.     Any opinions/orders of any Court regarding this case and/or the Plaintiffs.

_____   GRANTED                 _____   DENIED

26.    Any settlements made by the Plaintiffs with their current or former partners and the details thereof.

_____ GRANTED      _____ DENIED

27.    The number or character of any suits filed by or against the Plaintiffs.

_____ GRANTED      _____ DENIED

28.    Any reference to any alleged, professional expert witnesses hired/employed by the Defendants or their counsel as their testimony and opinions are not permitted and have been excluded.

_____ GRANTED      _____ DENIED

29.    Any evidence, whether testimonial or documentary, that relates to any correspondence or discussion pertaining to any potential settlement in this case. (Settlement negotiations of any kind are never admissible.)

_____ GRANTED      _____ DENIED

30.    Any evidence or reference to the failure on the part of Plaintiffs and their attorneys to call a witness.

_____ GRANTED      _____ DENIED

31.    Any reference or evidence relating to any document requested by Defendants, but not produced by Plaintiffs in this lawsuit.

_____ GRANTED      _____ DENIED

32.    Any reference or evidence, whether testimonial or documentary, that relates to any business dealings of Plaintiffs that do not relate to the matters at issue in this lawsuit.

_____ GRANTED      _____ DENIED

33.    Requesting material from Plaintiffs' files or from the files of their attorneys or asking for the production of any documents in open court before the jury.

    _____    GRANTED        _____    DENIED

34.    Any reference to, use of, or display of any inadmissible documents before the jury panel or jury during the course of this trial.

    _____    GRANTED        _____    DENIED

35.    Any reference concerning the personal opinions held by Defendants' counsel or the Defendants' representatives, employees and "experts" regarding this case or any similar case.

    _____    GRANTED        _____    DENIED

36.    Any references or discussions of the standards and/or practices of the "Managed Care Industry."

    _____    GRANTED        _____    DENIED

37.    Any reference to or reading from Plaintiffs' pleadings, except for answers to sworn discovery requests presented by opposing counsel which are first permitted by the Court and which are relevant and admitted into evidence.

    _____    GRANTED        _____    DENIED

38.    Defendants and their counsel be prohibited from mentioning, requesting, or soliciting any agreement, stipulation or understanding from Plaintiffs or their counsel within the hearing or the jury panel or any juror regarding any matter arising either before or during trial of this case.

    _____    GRANTED        _____    DENIED

39.     Any reference that any definitions, instruments or questions submitted to the jury are in any way identifiable with any particular party.

_____   GRANTED                    _____   DENIED

40.     Any reference or mention to any or all objections made by Plaintiffs in their Answers to Defendants' Interrogatories, Requests for Disclosures, Responses to Requests for Production, hearings and depositions, and any other discovery requests as well as any objections made by Plaintiffs in the during the discovery process, as well as referencing any of Plaintiffs' refusal to answer questions to which objections were made.

_____   GRANTED                    _____   DENIED

41.     Any reference to the costs or expenses incurred by Plaintiffs or Defendants in connection with the prosecution or defense of this lawsuit other than any contradictory evidence as to the reasonableness and/or necessariness of admitted attorneys' fees.

_____   GRANTED                    _____   DENIED

42.     This Motion has been filed, that the Court has ruled or may rule on any part of it outside the presence of the jury or suggesting or implying to the jury in any way that Plaintiffs have moved to exclude proof of any particular matter or that the Court has excluded such proof.

_____   GRANTED                    _____   DENIED

43.     Any references to any comments or introduction of evidence that pertain in any manner to any police and/or law enforcement and/or Department of Justice investigation(s) of Plaintiffs at any time.

_____   GRANTED                    _____   DENIED

44.     Any references to any comments or introduction of evidence that pertain to any subpoena issued to Plaintiffs or any of their principals by any law enforcement official and/or governmental entity at any time.

_____ GRANTED          _____ DENIED

45.     Any references to any comments or introduction of evidence that pertain in any manner to any criminal and/or non-criminal investigation by any law enforcement agency, government agency and/or entity and/or Department of Justice with regard to Plaintiffs and their principals and their actions and/or inactions at any time.

_____ GRANTED          _____ DENIED

46.     Any references to any potential criminal and/or governmental investigation of the Plaintiffs or their principals at any time.

_____ GRANTED          _____ DENIED

47.     Any references to Plaintiffs' partners or former partners who sold their units back to the Plaintiff, the reasons therefore and any transactions surrounding same.

_____ GRANTED          _____ DENIED

ORDERED that the Defendants and their attorneys and all witnesses called on their behalf are precluded from offering any evidence of and referring to any matters relating to those granted and set forth above in Plaintiffs' Motion *in Limine*. It is further

ORDERED that counsel for the Defendants must approach the Court and inform counsel when and if the matters granted in Plaintiffs' Motion *in Limine* are sought to be admitted.

SIGNED on this _____ day of _____, 2015.

_____
United States District Judge

8