**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KENNETH RAYMOND KOENIG, et al.** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:13-cv-00359** |
| | § | |
| **AETNA LIFE INSURANCE COMPANY** | § | |

---

# AETNA'S TRIAL BRIEF CONCERNING
# PLAINTIFF'S GLOBAL EVIDENTIARY OBJECTIONS

---

JOHN B. SHELY
State Bar No. 18215300
Southern District No. 7544
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 – Fax

OF COUNSEL:
ANDREWS KURTH LLP
JEFFREY D. MIGIT
State Bar No. 00794306
Southern District No. 20433

TABLE OF CONTENTS

I.     Introduction And Summary ........................................................................ 1

II.    Argument .................................................................................................. 1

    A.   North Cypress' Objections Conflict with Fifth Circuit Precedent Concerning ERISA Trials and the Administrative Record........................................................................................... 1

        1.   Aetna is entitled to substantiate its benefit decision with all the evidence available to it at the time it made the determination .................................................. 2

        2.   Aetna is entitled to present evidence outside the administrative record on the issue of medical pricing........................................................................... 2

        3.   Aetna is entitled to rebut North Cypress' accusations of a conflict of interest ................................. 2

    B.   Aetna is Entitled to go Outside the Administrative Record on Every Issue Other than Aetna's Factual Coverage Determination........................................................................ 3

        1.   Unclean hands ................................................................ 4

        2.   Affirmative claims for overpayment ............................... 4

        3.   Standing.......................................................................... 5

III.   Conclusion ............................................................................................... 6

## INDEX OF AUTHORITIES

**Cases**

*Abatie v. Alta Health & Life Ins. Co.,*
    458 F.3d 955 (9th Cir. 2006) ...................................................................................3

*Crosby v. La. Health Serv. & Indem. Co.,*
    647 F.3d 258 (5th Cir. 2011) ................................................................................3, 4

*Ellenburg v. Brockway, Inc.,*
    763 F.2d 1091 (9th Cir. 1985) ................................................................................4

*Fishing Fleet, Inc. v. Trident Ins. Co., Ltd.,*
    598 F.2d 925 (5th Cir. 1979) ...................................................................................6

*N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare,*
    781 F.3d 182 (5th Cir. 2015) ...................................................................................5

*In re OCA, Inc.,*
    552 F.3d 413 (5th Cir. 2008) ...................................................................................5

*Packard v. OCA, Inc.,*
    624 F.3d 726 (5th Cir. 2010) ...................................................................................5

*Provident Life & Acc. Ins. Co. v. Sharpless,*
    364 F.3d 634 (5th Cir. 2004) ................................................................................4, 5

*Vega v. Nat'l Life Ins. Servs., Inc.,*
    188 F.3d 287 (5th Cir. 1999) (en banc) ..................................................................2, 3

**Other Authorities**

Fed. R. Evid. 703 ..........................................................................................................2

## I.   INTRODUCTION AND SUMMARY

North Cypress seeks to exclude all of Aetna's evidence concerning the excessiveness of North Cypress' rates, the reasons why the rates are excessive, and the misconduct behind North Cypress' treatment and billing policies. North Cypress contends that none of this evidence is relevant in an ERISA case, but North Cypress is wrong.

First, on the question of whether Aetna abused its discretion, the Court must consider everything that was available to Aetna when it made its benefit determinations. *See infra* § II.A.1.   Second, Aetna is entitled to go outside the administrative record to explain technical matters underlying medical billing and to rebut North Cypress' allegations that Aetna only investigated the Hospital's bills because it was a conflicted administrator. *See infra* §§ II.A.2. & 3. Finally, Aetna is entitled to provide the Court extrinsic evidence on every issue in this case other than "abuse of discretion." Those issues include North Cypress' standing (§ II.B.3.), North Cypress' unclean hands (§II.B.1.), and Aetna's affirmative claims for return of overpayments (§ 2). North Cypress' blanket objections should therefore be overruled.

## II.   ARGUMENT

### A.   North Cypress' Objections Conflict with Fifth Circuit Precedent Concerning ERISA Trials and the Administrative Record

North Cypress objected to substantially all of Aetna's exhibits contending that they were not "relevant to an ERISA trial." But the Hospital is wrong on a number of levels.

1.   **Aetna is entitled to substantiate its benefit decision with all the evidence available to it at the time it made the determination**

To the extent the Hospital is attempting to restrict all proof to its own version of the administrative record, the Hospital is omitting materials that *are* part of the *complete* administrative record. The administrative record consists of all the evidence that was available to Aetna at the time it adjudicated the Hospital's claims. *See Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 300 & 301 (5th Cir. 1999) (en banc). On the issue of the Hospital's excessive rates, for example, the administrative record includes the information about UCR medical charges in the Houston market of which Aetna was aware and which are part of Aetna's UCR determinations.

2.   **Aetna is entitled to present evidence outside the administrative record on the issue of medical pricing**

Aetna is also entitled to provide the Court with evidence outside the administrative record, including expert testimony, to assist the court in interpreting the plan or understanding  the technical aspects of the claim determination. *Vega*, 188 F.3d at 299. Here, that evidence would include experts to explain how UCR is determined, the reasonable value of hospital services provided by North Cypress, and where North Cypress' rates falls in comparison with its peers. It would also include all the materials reasonably relied upon by Aetna's experts. *See* Fed. R. Evid. 703.

3.   **Aetna is entitled to rebut North Cypress' accusations of a conflict of interest**

Finally, on the abuse of discretion question, the Court may consider evidence outside the record concerning the weight, if any, to be given to an administrator's conflicts of interest. *Vega*, 188 F.3d at 297 ("The existence of a conflict is a factor to be considered in determining whether the administrator abused its discretion in denying a

claim. The greater the evidence of conflict on the part of the administrator, the less deferential our abuse of discretion standard will be."). But the administrator is allowed to defend itself too.

The administrator is entitled to "bring forth affirmative evidence that any conflict did not influence its decisionmaking process, evidence that would be helpful to determining whether or not it has abused its discretion." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 969 (9th Cir. 2006). Here, North Cypress argues that Aetna scrutinized the Hospital's bills without any basis in order to protect its own profits. In response, Aetna is entitled to rebut the Hospital's theory with evidence that Aetna was protecting the assets of the ERISA plans by scrutinizing a provider that actually engaged in abusive and criminal billing practices.

**B.    Aetna is Entitled to go Outside the Administrative Record on Every Issue Other than Aetna's Factual Coverage Determination**

Restriction to the administrative record only applies to one type of issue in this case: "the merits of the coverage determination—i.e., whether coverage should have been afforded under the plan." *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 263 (5th Cir. 2011). The reason for the rule is to protect the abuse of discretion standard for reviewing the factual determinations of a claims administrator. *See Vega*, 188 F.3d at 300 ("[W]e may consider only the evidence that was available to the plan administrator in evaluating whether he abused his discretion in making the factual determination."). But "*Vega* does not . . . prohibit the admission of evidence to resolve

other questions that may be raised in an ERISA action." *Crosby*, 647 F.3d at 263.[1] There

are many such issues in this case.  Some examples follow:

### 1.     Unclean hands

An ERISA claimant's unclean hands will bar his recovery. See *Ellenburg v.*

*Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985). Under ERISA, Aetna is entitled to

prove that the Hospital dirtied its hands "in acquiring the right it now asserts" and that

the Hospital did not fulfill its obligation to "act[] fairly and without fraud or deceit as to

the controversy in issue." *Id.* (claim for early retirement benefits defeated on the

grounds of unclean hands because ERISA participant was aware of his true birth date

before applying for benefits). This would include proof that the Hospital was acquiring

patients through kickbacks, running elective patients through the emergency room, and

submitting false and deceptive bills.

### 2.     Affirmative claims for overpayment

Similarly, an affirmative claim that an ERISA participant acquired his benefits

through fraud is tried to the court in the first instance, not as part of reviewing the

administrative record from an initial benefit determination. *See Provident Life & Acc. Ins.*

*Co. v. Sharpless*, 364 F.3d 634, 639-40 (5th Cir. 2004) (bench trial concerning issue on

insurer's claim that was entitled to return of money wrongly paid to ERISA participant

on the grounds that disability policy was void since its inception due to the fraudulent

---

[1] *Crosby* gives a non-exclusive list of the potential issues in an ERISA cases such as the completeness of the administrative record, compliance with ERISA's procedural regulations, and the existence and extent of a conflict of interest. *Crosby*, 647 F.3d at 263. But there are any number of other relevant issues other than whether the administrator abused its discretion.

HOU:3599590.2

misstatements of the ERISA participant).[2] An ERISA beneficiary cannot commit fraud and then escape the consequences simply because it did not submit evidence of its own fraud into the administrative record.

### 3.    Standing

Finally, a beneficiary's standing to bring an ERISA claim is reviewed *de novo* by the Court, not as a matter of reviewing an administrator's determination. *See North Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("Standing is a question of law that we review de novo."). And the Hospital's standing depends upon whether it has valid assignments from ERISA participants and beneficiaries. *Id.* at 194-95.

Aetna contends and will prove that the Hospital's assignments are void because the Hospital took them on condition that they would waive the members' financial responsibility in violation of the Texas Occupations Code and the Texas Insurance Code. *See Packard v. OCA, Inc.*, 624 F.3d 726, 730 (5th Cir. 2010); *In re OCA, Inc.*, 552 F.3d 413, 422 (5th Cir. 2008) (management services agreements that violated Texas Occupations Code void and unenforceable). A provider is not entitled to commit a crime to gain ERISA standing and yet still recover because it did not make put evidence of the crime in the administrative record.

In short, any issue other than whether Aetna's factual determinations were an abuse of discretion may be proved by any evidence that is admissible under the Federal

---

[2] *See also id.* at 641 (reviewing district court's factual findings for clear error, not employing the abuse of discretion standard of review).

HOU:3599590.2

Rules of Evidence. And here, there are many such issues that make Aetna's evidence relevant.

### III.   CONCLUSION

All of the Hospital's efforts to cloak its conduct behind motions and objections have no purpose in a bench trial. With regard to a motion in limine, there is no jury to protect. If any part of the motion is granted, Aetna would just have to take up trial time asking permission for the Court to hear the evidence that Aetna just described (to the Court) and then, if that permission is denied, offer a bill by putting the evidence into the record (before the Court).

There is similarly no point in trying to strike or exclude documentary evidence in a bench trial. The Court must view and consider the evidence anyway to see if it is admissible. And when the trial is over, it is presumed that a district judge's findings are based only on the admissible evidence (if any) in the record. *See Fishing Fleet, Inc. v. Trident Ins. Co., Ltd.*, 598 F.2d 925, 929 (5th Cir. 1979).

It is time for trial, and both parties should be permitted to try their claims and defenses in the time allotted without the hurdle of the Hospital's additional make work.

ANDREWS KURTH LLP

By: s/ John B. Shely
JOHN B. SHELY
State Bar No. 18215300
Southern District No. 7544
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 – Fax

ATTORNEY-IN-CHARGE FOR DEFENDANTS

OF COUNSEL:
ANDREWS KURTH LLP
JEFFREY D. MIGIT
State Bar No. 00794306
Southern District No. 20433

HOU:3599590.2

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Jeffrey D. Migit
Jeffrey D. Migit

HOU:3599590.2